NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND KING FERNANDES,<br><br>   Plaintiff,<br><br>   vs.<br><br>PRISON HEALTH SERVICES, et al.,<br><br>   Defendants. | No. C 07-~~4228~~ 5015 JF (PR)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO AMEND |

Plaintiff, an inmate in the Alameda County Jail proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging the denial of adequate medical care. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The Court will dismiss the complaint for failure to state a cognizable claim for relief, and grant plaintiff leave to file an amended complaint that cures the deficiencies in the original complaint.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges that he has not received sufficient medical care at the jail for his "numerous broken bones." Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). Indications that a prisoner has a "serious" need for medical treatment include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic and substantial pain. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)). Plaintiff's allegations of receiving "no relief" and "no cast no nothing" for his "numerous broken bones," when liberally construed, could amount to deliberate indifference to his serious medical needs.

However, Plaintiff has not named any jail official as a defendant, nor has he

Order of Dismissal With Leave to Amend
G:\PRO-SE\SJ.Jf\CR.07\Fernandes015dwlta.wpd        2

alleged how any such individual official was involved in responding, or failing to respond, to his requests for medical attention. To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff's names the following defendants in the complaint: "Prison Health Services," "Alameda County Sheriff's Department," "Nurses Station," and "Ortho Doctors." Naming the jail's medical department, or a group of nurses or doctors, does not suffice to plead a claim. Because an individual defendant cannot be held liable based solely on his membership in a group, a showing of his individual participation in unlawful conduct is required. See Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper).

Similarly, naming the Alameda County Sheriff's Department as a whole does not suffice to plead a § 1983 claim because liability is dependent upon the actions of the individual employees. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation); see also Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994) (holding local government cannot be liable for damages based on actions of one of its employees unless employee inflicted constitutional harm).

Plaintiff will be given leave to amend the complaint to identify, if possible, the jail officials involved in allegedly failing to provide him adequate care, and to set forth specific facts showing how each such Defendant's actions proximately caused a violation of his constitutional rights.

## CONCLUSION

1.     The complaint is DISMISSED with leave to amend within **thirty days** from the date this order is filed to cure the deficiencies described above. The second amended complaint must include the caption and civil case number used in this order (07-5015 JF (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, Plaintiff must include in

1  his first amended complaint all the claims he wishes to present and all of the Defendants
2  he wishes to sue.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff
3  may not incorporate material from the prior complaints, such as exhibits or supporting
4  documentation of his prison administrative appeal, by reference.  Plaintiff must include
5  all of his claims and name all Defendants in the amended complaint.  **Failure to file an**
6  **amended complaint in accordance with this order will result in dismissal of this**
7  **action.**
8        2    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
9  Court informed of any change of address by filing a separate paper with the clerk headed
10 "Notice of Change of Address."  He must comply with the Court's orders in a timely
11 fashion or ask for an extension of time to do so.  Failure to comply may result in the
12 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

13     IT IS SO ORDERED.
14 DATED:  2/29/08

                                                    JEREMY FOGEL
15                                                     United States District Judge

1  A copy of this ruling was mailed to the following:

2  Raymond K. Fernandes
   AHD-727
3  Santa Rita Jail
   2-B-7
4  5325 Broder Blvd
   Dublin, CA 94568
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order of Dismissal With Leave to Amend
G:\PRO-SE\SJ.Jf\CR.07\Fernandes015dwlta.wpd          5