1

2

3

4

5

6

7

8

9

10

11

12

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAYMOND KING FERNANDES,       )        No. C 07-5015 JF (PR)
                              )
        Plaintiff,            )        ORDER OF DISMISSAL
                              )
    vs.                       )
                              )
PRISON HEALTH SERVICES, et al., )
                              )
        Defendants.           )
                              )
_____ )

13

14

15

16

17

18

19        Plaintiff, an inmate in the Alameda County Jail proceeding pro se, filed a civil

20   rights complaint pursuant to 42 U.S.C. § 1983 alleging the denial of adequate medical

21   care.  The Court dismissed the complaint with leave to amend, and Plaintiff filed a timely

22   amended complaint.  Because the amended complaint does not cure the deficiencies in the

23   original complaint, the Court will DISMISS this action.

24        In his original complaint, Plaintiff claimed that he had received inadequate medical

25   care at Alameda County Jail.  The Court found that while such allegations, when liberally

26   construed, could implicate his constitutional rights to receive sufficient medical care,

27   Plaintiff had failed to state a cognizable claim for relief because Plaintiff had failed to

28   alleged how any jail official or other defendant was involved in responding, or failing to

G:\PRO-SE\SJ.JF\CR.07\Fernandes015dis.wpd        1

1    respond, to his requests for medical attention.  See Leer v. Murphy, 844 F.2d 628, 634

2    (9th Cir. 1988) (to state a claim under § 1983, a plaintiff must set forth specific facts as to

3    each individual defendant's conduct that proximately caused a violation of his rights); see

4    also Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (naming an individual

5    defendant based solely on his membership in a group does not suffice because a showing

6    of individual participation in unlawful conduct is required); Monell v. Dep't of Social

7    Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in §

8    1983 context and requiring individual liability for constitutional violation).

9         Plaintiff filed an amended complaint in which he lists three individual Defendants

10   in the caption.  However, the amended complaint sets forth no claims or factual

11   allegations whatsoever.  To whatever extent Plaintiff means to incorporate the claim and

12   allegations from his original complaint into his amended complaint, he was instructed that

13   he may not do so.  In the order of dismissal with leave to amend, the Court cautioned

14   Plaintiff as follows:

15        Because an amended complaint completely replaces the previous complaint,
          Plaintiff must include in his first amended complaint all the claims he
16        wishes to present and all of the Defendants he wishes to sue.  See Ferdik v.
          Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not
17        incorporate material from the prior complaints, such as exhibits or
          supporting documentation of his prison administrative appeal, by reference.
18        Plaintiff must include all of his claims and name all Defendants in the
          amended complaint. **Failure to file an amended complaint in accordance
19        with this order will result in dismissal of this action.**

20   Even if the Court were to excuse Plaintiff's failure to adhere to these instructions and

21   construe the amended complaint as incorporating the allegations from the original

22   complaint, this would still not suffice to state a cognizable claim for relief.  The original

23   complaint does not allege specific actions or omissions by the individual Defendants

24   named in the amended complaint that proximately caused Plaintiff to receive inadequate

25   medical care.  As a consequence, the amended complaint has failed to cure the

26   deficiencies in the original complaint.  Accordingly, this action is hereby DISMISSED for

27   failure to state a cognizable claim for relief.

28        Plaintiff's second motion for leave to proceed in forma pauperis (Docket No. 13) is

G:\PRO-SE\SJ.JF\CR.07\Fernandes015dis.wpd          2

1  DENIED as moot as Plaintiff has already been granted leave to proceed in forma

2  pauperis.

3       The Clerk shall terminate Docket No. 13 and any other pending motions, close the

4  file and enter judgment.

5       IT IS SO ORDERED.

6  DATED: __11/7/08__

                                    JEREMY FOGEL
7                                   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G:\PRO-SE\SJ.JF\CR.07\Fernandes015dis.wpd        3